IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Gerald E. Meagher, | ) |
| | ) |
|             Plaintiff, | ) |
| vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
|             Defendant. | ) |
| ---------------------------------------------------- | ) |
| United States of America, | ) |
| | ) |
|             Counter Claimant, | ) |
| vs. | ) |
| | )    Case No.  3:06-cv-110 |
| Mary Hertsgaard and Gerald E. Meagher, | ) |
| | ) |
|             Counter Defendants. | ) |
| ---------------------------------------------------- | ) |
| Mary Hertsgaard, | ) |
| | ) |
|             Cross Claimant, | ) |
| vs. | ) |
| | ) |
| Gerald E. Meagher, | ) |
| | ) |
|             Cross Defendant. | ) |
| ---------------------------------------------------- | ) |

**MEMORANDUM AND ORDER ON  MOTIONS FOR SUMMARY JUDGMENT**

The United States of America (USA) has moved for summary judgment against Mary Hertsgaard and Gerald E. Meagher (Doc. #18).  The USA also filed a motion for summary ruling against Hertsgaard, contending the court should enter judgment against Hertsgaard because she failed to respond to the summary judgment motion or file a statement of material facts (Doc. #22).

1

**Factual Background**

Plaintiff Gerald Meagher owned a property management company, Northern Realty Management, Inc., in Grand Forks, North Dakota from 1997 to 2001. The business closed in May or June 2001. Meagher served as president and sole shareholder of the company. He employed Mary Hertsgaard in 1997 to work for the company as a Certified Public Accountant. The accountant who previously held the position trained Hertsgaard, and Hertsgaard worked in the capacity until the business closed. Northern Realty Management did not pay employment taxes for the quarters ending in September 1999 through September 2001.

Hertsgaard does not dispute that she failed to file federal payroll reports or make employment tax payments. The parties also do not dispute that Hertsgaard suffered from depression during this period. Furthermore, the Grand Forks area was almost entirely flooded during 1997. Hertsgaard's parents died in 1998. The parties agree that Meagher did not have actual knowledge of the failure to pay employment taxes until October 2001.

Meagher filed the above-titled action in this court to recover the penalties he paid to the Internal Revenue Service. The United States of America counterclaimed against Meagher and Hertsgaard for the amount of unpaid taxes, interest, and penalties. Hertsgaard answered and asserted a crossclaim against Meagher. However, she did not respond to the USA's motion for summary judgment.

**Summary Judgment Standard**

Summary judgment is appropriate if there is not a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates

the entry of summary judgment . . . against a party failing to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex, 477 U.S. at 322. If the moving party has supported its motion for summary judgment, the nonmoving party has an affirmative burden placed on it to go beyond the pleadings and show a genuine triable issue of fact. Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992). However, the court considering a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party who enjoys "the benefit of all reasonable inferences to be drawn from the facts." Vacca v. Viacom Broadcasting of Missouri, Inc. Et al., 875 F.2d 1337, 1339 (8th Cir. 1989) (citation omitted).

Summary judgment is improper if the court finds a genuine issue of material fact; however, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." Commercial Union Insurance Co. v. Schmidt, 967 F.2d 270, 271-72 (8th Cir. 1992) (citation omitted). The issue is whether "the evidence is sufficient to allow a reasonable jury to return a verdict for the nonmoving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995).

## Issues

A.    *Summary Judgment Motion Against Hertsgaard*

The USA moved for summary ruling against Hertsgaard because she failed to respond to the USA's summary judgment motion or file a statement of material facts (Doc. #22). Hertsgaard did not respond to the motion for summary ruling either. Under the Local Rules of this court, the government correctly asserts that its statement of material facts is deemed admitted and its summary judgment motion is considered well taken. See Local Rule 7.1. In

addition, the court concludes the record supports entry of summary judgment against Hertsgaard on the merits. Thus, the court **GRANTS** the USA's motion for summary ruling and its motion for summary judgment against Hertsgaard (Doc. #22). However, in the initial pleadings, Hertsgaard asserted a crossclaim against Meagher. Her crossclaim survives and will be addressed at trial.

### B.   *Summary Judgment Motion against Meagher*

The ultimate issue in this case is whether Meagher is liable under 26 U.S.C. § 6672 for the failure to pay employment taxes. Section 6672 states:

> (a) General rule. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. The Eighth Circuit Court of Appeals has held that an individual is liable under § 6672 if he (1) is a "responsible person" who (2) "willfully" fails to pay over the taxes in question. Honey v. United States, 963 F.2d 1083, 1086 (8th Cir.), *cert. denied*, 113 S. Ct. 676 (1992). Meagher admits he is the "responsible person" under this standard. The responsible person has the burden to show that he did not willfully fail to pay over the federal employment taxes. Anderson v. United States, 561 F.2d 162, 165 (8th Cir. 1977). However, Meagher and the USA dispute whether Meagher's actions and/or inactions result in a "willful" failure to pay the taxes. Thus, the summary judgment motion and this memorandum opinion focus on the issue of whether Meagher "willfully" failed to pay the taxes.

In Olsen v. United States, the Eighth Circuit court stated:

> A responsible person acts willfully within the meaning of § 6672 whenever he

>  "acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes." Hartman, 538 F.2d at 1341. Accord Bowen, 836 F.2d at 968; Kizzier, 598 F.2d at 1132. A responsible person also acts willfully by proceeding with a "'reckless disregard of a known or obvious risk that trust funds may not be remitted to the government.'" Wood v. United States, 808 F.2d 411, 415 (5th Cir. 1987) (quoting Brown v. United States, 591 F.2d 1136, 1140 (5th Cir. 1979)); Mazo v. United States, 591 F.2d 1151, 1154 (5th Cir.), cert. denied sub nom. Lattimore v. United States, 444 U.S. 842, 62 L. Ed. 2d 54, 100 S. Ct. 82 (1979).

Olsen, 952 F.2d 236, 240 (8th Cir. 1991). "Willful conduct also includes failure to investigate or to correct mismanagement after having notice that withholding taxes have not been remitted to the Government." Kalb v. United States, 505 F.2d 506, 511 (8th Cir. 1974). (citations omitted). But, "[c]onduct amounting to no more than negligence is not willful for purposes of § 6672." Id.

The USA contends Meagher acted with "reckless disregard" of Northern Realty Management's nonpayment of employment taxes. The USA argues Meagher demonstrated this reckless disregard by failing to supervise Hertsgaard, review financial documents, demand monthly management reports, and recognize the effect of Hertsgaard's personal issues on business matters. On the record before this court, the USA has established that Meagher acted at least negligently in his management and monitoring of his employee Hertsgaard and the overall financial condition of his company. However, the degree of his malfeasance is yet to be determined.

Without dispute, Meagher became aware of at least one "red flag" when an employee advised Meagher his social security income report listed no wage earnings for the previous year. The parties dispute whether more than one employee raised this issue with Meagher. At his deposition, Meagher testified he asked Hertsgaard about unreported wages, and she responded

that it was nothing to worry about, only a matter of sending in a form, and she would take care of it.  Deposition of Gerald Meagher, Doc. #19-5, at 94-95.  Meagher claims he accepted Hertsgaard's explanation because in his mind "IRS is many different divisions and sometimes they don't always talk to each other real good and I just thought this 941 division was a different division, or something . . ."  Id. at 95.  He also stated, "Another reason why I wasn't concerned was I was getting my W-2s every year and the W-2s would show the deduction of the funds."  Id.  Meagher was aware of Hertsgaard's personal difficulties throughout this time.  The parties agree that Meagher relied on Hertsgaard to take care of the day-to-day financial operations of the company.  The appropriateness of his reliance, given Hertsgaard's personal issues, will need to be determined by a trier of fact.  The court cannot conclude from the record before it that Meagher's actions and/or inactions rise to the level of "reckless disregard" and thus to the level of willfulness as contemplated by § 6672.

The USA also argues that Meagher's action following his knowledge of Hertsgaard's failure to pay employment taxes demonstrates willfulness.  The government asserts in its brief that Meagher executed a mortgage in favor of another creditor, apparently SBA, after he learned of the failure to pay employment taxes.  The Eighth Circuit has held that "[e]vidence that the responsible person had knowledge of payments to other creditors, including employees, after he was aware of the failure to pay over withholding taxes is proof of willfulness as a matter of law." Honey v. United States, 963 F.2d 1083, 1087 (8th Cir. 1992).  The ultimate determination of this issue requires the court consider whether the funds used to pay the other creditors were unencumbered funds.  The USA did not address this issue in its statement of undisputed facts and only scarcely briefed the issue.  Meagher's argument in response raises genuine issues of

material fact as to what financial transaction occurred, when it occurred, and whether another creditor was preferred over the IRS. The jury will need to determine whether or not Meagher's actions following his actual knowledge of the failure to pay employment taxes support a finding of willfulness.

Ultimately, the jury will need to determine whether or not, considering the circumstances in their entirety, Meagher "willfully" failed to pay the employment taxes. Genuine issues of material fact prevent the court from deciding the issue as a matter of law on the present record. The USA's motion for summary judgment against Meagher is **DENIED** (Doc. #18).

## Conclusion

The court orders:

1. The USA's motion for summary ruling against Hertsgaard for her failure to respond or file a statement of material facts (Doc. #22) is **GRANTED**. The USA's motion for summary judgment Hertsgaard (Doc. #18) is **GRANTED**. Hertsgaard's crossclaim against Meagher will be addressed at trial.

2. The USA's motion for summary against Gerald E. Meagher (Doc. #18) is **DENIED.**

3. The final pretrial conference will be held as scheduled on April 23, 2008 at 10:00 a.m. Jury trial will commence on April 30, 2008 at 9:30 a.m.

Dated this 17th day of April, 2008.

*/s/  Karen K. Klein*
Karen K. Klein
United States Magistrate Judge